MEMORANDUM *
Manprit Singh petitions for review of the Board of Immigration Appeals’ (BIA) dismissal of his petition seeking asylum, withholding of removal, and protection under the Convention Against Torture *686 (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant Singh’s petition for review.
In concluding that Singh did not demonstrate past persecution, the BIA found that Singh failed to corroborate his belief that Congress Party members were responsible for the vehicular assault against Singh. This was error because, before requiring such corroboration, Singh was not afforded notice and an opportunity to respond with evidence or to explain why such corroborating evidence was unavailable. See Ren v. Holder, 648 F.3d 1079, 1090 (9th Cir.2011).[1]
On remand, upon providing the requisite notice and an opportunity to corroborate the asylum claim, past persecution should be determined based on the totality of the circumstances (e.g., the murder of Singh’s father, Singh’s arrests and corresponding threats by police, corroboration regarding the vehicular assault, corroboration regarding Singh’s friends’ attempted reporting of the incident to police, Congress Party members’ implied death threat against Singh communicated to his mother). See Guo v. Ashcroft, 361 F.3d 1194, 1203 (9th Cir.2004); Madrigal v. Holder, 716 F.3d 499, 504 (9th Cir.2013) (finding error by the BIA where BIA found no past persecution after “viewing each incident in isolation, instead of examining the totality of the circumstances” and instructing BIA to consider the incidents “in the context of a larger pattern of conduct”).
Because we remand on the issue of past persecution, we do not reach Singh’s claims of future persecution, withholding of removal, or relief under CAT. See INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).[2]
*687 PETITION FOR REVIEW GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The dissent asserts that Ren is not applicable here, because affording notice and opportunity to present corroborating evidence would be "manifestly futile.” We disagree. Singh was found credible. Despite this finding, the IJ required corroboration in order to meet his burden of proof. See Ren, 648 F.3d at 1093. The BIA held that Singh's testimony that the Congress Party was involved in his accident was speculative and that Singh failed to provide corroboration to support this claim. However, Singh testified credibly that he could obtain the necessarily corroboration evidence (affidavits from his friends). Singh also testified credibly that members of the Congress party had admitted to causing the accident, again suggesting that he could corroborate his testimony. Such affidavits would provide the objective evidence the IJ and BIA were seeking to grant relief. Under Ren, Singh should have been afforded an opportunity to obtain evidence to corroborate his credible testimony. Id. Our review of this issue is limited to whether Singh was afforded that opportunity. See id. Instead, the dissent wrongly speculates about the contents of the corroborating evidence in order to determine whether the opportunity should be afforded in the first instance.

. The dissent suggests that the IJ made an alterative finding that, assuming persecution, Singh could relocate in India. Again, we disagree. The IJ’s holding was not an altera-tive finding, assuming persecution, but rather a determination of whether Singh was eligible for asylum based on a well-founded fear of future persecution. See 8 C.F.R. § 1208.13(b); see also Halim v. Holder, 590 F.3d 971, 976 (9th Cir.2009) ("In the absence of past persecution, an applicant may still be eligible for asylum based on a well-founded fear of future persecution.”). The IJ stated that Singh had the burden of proof, an appropriate statement in making a determination of a well-founded fear of persecution. If the IJ were making a relocation finding, after assuming persecution, the burden would instead belong to the government. Because neither the IJ nor the BIA held that the relocation analysis was an alternative basis for denying relief, we cannot affirm on a ground on which the agency did not base its decision. See Azanor v. Ashcroft, 364 F.3d 1013, 1021 (9th Cir.2004) ("[W]e must decide whether to grant or deny the petition for review based on the Board's reasoning rather than our own independent analysis of the record.”).
Lastly, even if the IJ's decision on relocation was an attempt to make an alternative *687 finding (an argument that only the dissent makes), the IJ’s decision lacks clarity; therefore remand is necessary "to ensure that [the agency] evaluates the relocation issue in accord with the proper burden of proof.” Afriyie v. Holder, 613 F.3d 924, 935 (9th Cir.2010).